IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PETER M. THOMAS,

    Plaintiff,

v.

FV-1, INC. in trust with
Morgan Stanley Mortgage
Capital Holdings, LLC;
SAXON MORTGAGE SERVICES,
INC., a Texas corporation;
and REGIONAL TRUSTEE
SERVICES CORPORATION, a
Washington corporation;

    Defendants.

Case No. 6:11-cv-06058-AA
OPINION AND ORDER

---

Paul B. Heatherman
Law Office of Paul Heatherman PC
P.O. Box 8
Bend, Oregon 97709
    Attorney for plaintiff

Teresa M. Shill
Routh Crabtree Olsen, PC
621 S.W. Alder Street, Suite 800
Portland, Oregon 97205
    Attorney for defendant
    Bayview Loan Servicing, LLC

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Peter Thomas requests leave to file an amended complaint pursuant to Fed. R. Civ. P. 15. For the reasons set forth below, plaintiff's motion is denied.

## BACKGROUND

In 2007, plaintiff took out a loan from DHI Mortgage Company LTD ("DHI"), in the amount of $600,000, in order to purchase a residential property (the "Property"). Pursuant to this transaction, plaintiff executed a promissory note (the "Note") in favor of DHI. The Note was secured by a deed of trust (the "DOT"), which lists DHI as the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee, and First American Title as the trustee. The DOT was duly recorded in Deschutes County, Oregon.

Pursuant to the DOT, plaintiff agreed to make monthly mortgage payments as required under the Note. Plaintiff also agreed that he would be in default, and subject to foreclosure, if he failed to make such payments.

In February 2010, plaintiff stopped making the requisite loan repayments, thereby materially defaulting.[1] Consequently, MERS, as

---

[1] Plaintiff's complaint is silent as to his failure to repay the Note; he merely alleges that a non-judicial foreclosure was initiated against the Property in July 2010. Nonetheless, the Notice of Default and Election to Sell indicates that plaintiff materially defaulted in February 2010. While plaintiff does not attach this document to his complaint, the Court takes judicial notice of it, along with the DOT, Assignment of the DOT, and

Page 2 - OPINION AND ORDER

nominee and beneficiary for DHI, assigned its interest in the DOT to FV-1, Inc. The Assignment of the DOT was recorded in the official records of Deschutes County on July 13, 2010. Saxon Mortgage Services, Inc. ("Saxon") was the loan servicing company for FV-1, Inc. and, accordingly, began servicing plaintiff's loan. Also on July 13, 2010, FV-1, Inc. appointed Regional Trustee Services Corporation ("Regional") to serve as successor trustee for the DOT. That same day, Regional executed a Notice of Default and Election to Sell the Property. The Appointment of Successor Trustee and Notice of Default and Election to Sell were documented in the official records of Deshutes County. A trustee's sale was scheduled for November 16, 2010.

In August 2010, plaintiff applied for a loan modification. In mid-September, 2010, plaintiff received preliminary approval of this application. On November 11, 2010, a Saxon representative, Garrick Richard, contacted plaintiff and informed him that the trustee's sale had been stayed for ninety days in order to provide time to effectuate the requested loan modification. In late November, 2010, Mr. Richards and plaintiff preliminarily agreed to modified loan terms. Thereafter, Saxon terminated Mr. Richards. On December 15, 2010, Saxon informed plaintiff that his loan

---

Appointment of Successor Trustee, as plaintiff incorporates these documents by reference and they are part of the public record. See Fed. R. Evid. 201(b); Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001).

Page 3 - OPINION AND ORDER

modification was denied and the foreclosure sale was reset the following day. On December 16, 2010, Regional notified plaintiff that the foreclosure sale was postponed until January 18, 2011.

On January 14, 2011, plaintiff filed this action in Deschutes County Circuit Court against FV-1, Inc., Saxon, and Regional. Plaintiff asserted seven claims, all arising out of Saxon's alleged breach of the parties' oral agreement for a loan modification. On February 18, 2011, Saxon removed plaintiff's case to this Court.

On March 29, 2011, this Court signed a stipulated order, staying the non-judicial foreclosure and dismissing Regional from this action. On April 4, 2011, Bayview Loan Servicing, LLC ("Bayview") replaced Saxon as the servicer of plaintiff's loan. On October 18, 2011, Bayview was joined as a defendant. On February 24, 2012, the claims asserted against FV-1, Inc. and Saxon were dismissed with prejudice; the case, however, was allowed to continue "against any remaining parties" (Bayview). On May 14, 2012, plaintiff requested leave to file an amended complaint.

## STANDARD

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts apply Rule 15 with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted, the court generally considers four factors: (1) undue delay; (2) bad faith;

(3) futility of amendment; and (4) prejudice to the opposing party. Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997) (citation omitted); see also Foman v. Davis, 371 U.S. 178, 182 (1962).

These factors are not weighted equally: "futility of amendment alone can justify the denial of a motion [to amend]." Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 (9th Cir. 2009). Moreover, "amendments seeking to add claims are to be granted more freely than amendments adding parties." Omoregie v. Boardwalk Auto Center, Inc., 2008 WL 3823697, *2 (N.D.Cal. Aug. 13, 2008) (quoting Union Pac. R.R. Co. v. Nev. Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991)). In either event, the court may deny a motion to amend where the proposed complaint is premised on an entirely new and separate cause of action. Carr v. Oregon, 449 Fed.Appx. 606, 607 (9th Cir. 2011) (motion to amend denied where "proposed amended complaint sought to introduce a 'separate, distinct and new cause of action,'" quoting Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (per curiam)); see also Worthem v. Carasquillo, 2009 WL 1034957, *1 (N.D.Ill. Apr. 16, 2009) ("'unrelated claims against different defendants belong in [a] different suit,'" quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)).

## DISCUSSION

In his proposed amended complaint ("PAC"), plaintiff seeks to

"remov[e]" his seven initial claims due to the dismissal of FV-1, Inc., Saxon, and Regional as defendants and replace them with two new claims, both of which are premised on violations of the Oregon Trust Deed Act ("OTDA"). Pl.'s Mot. to Am. Compl. 2. In addition, plaintiff seeks to add MERS as a defendant. Plaintiff's proposed allegations all relate to MERS' actions; in fact, he does not assert any allegations against or involving Bayview, the single remaining defendant.

As such, the nature of claims asserted in the PAC are entirely unrelated to those asserted in the initial complaint and are premised on the actions of MERS, who is not a party before this Court. Plaintiff's original complaint alleged claims arising in contract; namely, Saxon's breach of its oral promise to provide a loan modification. The alleged harm arose out of events that occurred between September 2010, and December 2010.

Conversely, the PAC asserts claims arising out of statutory violations. Specifically, the PAC alleges that MERS is not a proper beneficiary under the OTDA and, as a result, lacked authority to assign its beneficial interest in the DOT to FV-1, Inc.; accordingly, plaintiff asserts that FV-1, Inc. was without power to appoint Regional as trustee to foreclose on the Property. Thus, the proposed claims are predicated on events that took place on or before July 13, 2010, the date on which the Assignment of the DOT, the Appointment of Successor Trustee, and Notice of Default

Page 6 - OPINION AND ORDER

and Election to Sell were publicly recorded.

Therefore, plaintiff's proposed amendments arise out of a discrete incident, depend on a different legal theory, and involve a different party; allowing plaintiff to file the PAC will essentially result in the initiation of a new lawsuit. Plaintiff, however, does not indicate that the new claims or defendant just became known and, based on the time frame of the claims asserted in the initial complaint, he would not be able do so. Regardless, because unrelated claims against different defendants belong in a separate action, plaintiff's motion to amend his complaint is denied. Nothing prevents plaintiff from re-alleging these new claims in a separate lawsuit.

Even construing his proposed claims as sufficiently related to those asserted in the previous complaint, plaintiff's motion would nonetheless be denied due to the futility of the amendment. A proposed amendment to a complaint is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)).

Here, the only remaining defendant is Bayview. Bayview, however, "does not hold the Note, is not the beneficiary of the [DOT, and] does not claim any interest in the Property." Def.'s Resp. to Mot. Am. Compl. 4. Further, Bayview did not begin

Page 7 - OPINION AND ORDER

servicing plaintiff's loan until almost one year after the non-judicial foreclosure was commenced. Id. at 3-4. Thus, even accepting the allegations in the PAC as true, Bayview nonetheless had no involvement in those actions which allegedly caused plaintiff harm. Therefore, plaintiff failed to proffer any amendment that would give him a viable claim against Bayview. For this reason, plaintiff's motion is also denied.

In addition, plaintiff moves to join MERS as a defendant. Since plaintiff's motion to file amended claims is denied, the original complaint remains the operative pleading. As a result, while plaintiff seeks to add MERS pursuant to Fed. R. Civ. P. 15(a), the Court finds that Fed. R. Civ. P. 20 governs this issue.

Under Rule 20, a party may be joined as a defendant if any claim "is asserted against [it] jointly, severally, or in the alternative with respect to or arising out of the same transaction [or] occurrence [and] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Even where these conditions are met, however, joinder is not mandatory and the Court may order separate trials to protect any party against embarrassment, delay, expense, or other prejudice. Fed. R. Civ. P. 20(b).

As discussed above, the initial complaint is premised on a breach of oral contract to provide for a loan modification. Because MERS was not a party to the oral contract and did not

Page 8 - OPINION AND ORDER

participate in its creation, the original complaint does not allege any claims arising out of or in relation to MERS. Accordingly, the addition of MERS as a defendant is not appropriate; this is especially true given that MERS no longer has an interest in the DOT and FV-1, Inc., Saxon, and Regional, the parties who caused the alleged breach of contract and wrongful foreclosure, have been dismissed from this action. See Thomas v. OneWest Bank, FSB, 2011 WL 867880, *8 (D.Or. Mar. 10, 2011). Therefore, plaintiff's motion for joinder is denied. Moreover, for these reasons, plaintiff's motion to add MERS as a defendant also fails under Rule 15's more liberal standards.

## CONCLUSION

Plaintiff's Motion to Amend Complaint (doc. 21) is DENIED. Accordingly, plaintiff's initial complaint remains the operative document in this case; Bayview is GRANTED leave to file a motion to dismiss that complaint within twenty days of the date of this opinion.

IT IS SO ORDERED.
Dated this 5 day of August 2012.

_____
Ann Aiken
United States District Judge

Page 9 - OPINION AND ORDER