IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PETER M. THOMAS,                                    O R D E R
                                    Case No. 6:11-cv-06058-AA
          Plaintiff,

     v.

FV-1, INC. in trust with
Morgan Stanley Mortgage
Capital Holdings, LLC;
SAXON MORTGAGE SERVICES,
INC., a Texas corporation;
and REGIONAL TRUSTEE
SERVICES CORPORATION, a
Washington corporation;

          Defendants.
_____

AIKEN, Chief Judge:

     Defendant Bayview Loan Servicing, LLC ("Bayview") moves to

dismiss plaintiff Peter Thomas' complaint, pursuant to Fed. R. Civ.

P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), and requests attorney

fees and costs.  For the reasons set forth below, Bayview's motion

Page 1 - ORDER

is granted; however, its request for attorney fees and costs is denied.

## DISCUSSION

In 2007, plaintiff took out a loan from DHI Mortgage Company LTD ("DHI"), in the amount of $600,000, in order to purchase a residential property ("Property"). Pursuant to this transaction, plaintiff executed a promissory note ("Note") in favor of DHI. The Note was secured by a deed of trust ("DOT"), which lists DHI as the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee, and First American Title as the trustee. The DOT was duly recorded in Deschutes County, Oregon.

In February 2010, plaintiff stopped making the requisite loan repayments, thereby materially defaulting on the Note and DOT. Consequently, MERS assigned its interest in the DOT to FV-1, Inc. ("FV-1"). Saxon Mortgage Services, Inc. ("Saxon") was the loan servicing company for FV-1 and, accordingly, began servicing plaintiff's loan. On July 13, 2010, FV-1 appointed Regional Trustee Services Corporation ("Regional") to serve as successor trustee for the DOT. That same day, Regional executed a Notice of Default and Election to Sell the Property. The Assignment of the DOT, Appointment of Successor Trustee, and Notice of Default and Election to Sell were documented in the official records of Deschutes County. A trustee's sale was scheduled for November 16, 2010.

In August 2010, plaintiff applied for a loan modification. In September 2010, plaintiff received preliminary approval of this application. On November 11, 2010, a Saxon representative, Garrick Richard, contacted plaintiff and informed him that the trustee's sale had been stayed for ninety days in order to provide time to effectuate the requested loan modification. Thereafter, Mr. Richards and plaintiff preliminarily agreed to modified loan terms. On December 15, 2010, Saxon informed plaintiff Mr. Richards had been terminated and his loan modification denied; as such, the foreclosure sale was postponed until January 18, 2011.

On January 14, 2011, plaintiff filed this action in Deschutes County Circuit Court against FV-1, Saxon, and Regional. On February 18, 2011, Saxon removed plaintiff's case to this Court. On March 29, 2011, this Court stayed the non-judicial foreclosure and dismissed Regional from this action. On April 4, 2011, Bayview Loan Servicing, LLC ("Bayview") replaced Saxon as the servicer of plaintiff's loan. On October 18, 2011, Bayview was joined as a defendant. On February 24, 2012, the claims asserted against FV-1 and Saxon were dismissed with prejudice; the case, however, was allowed to continue "against any remaining parties" (Bayview). On May 14, 2012, plaintiff requested leave to file an amended complaint. On August 5, 2012, this Court denied plaintiff's motion. As a result, plaintiff's original complaint remained the operative pleading, with Bayview as the only defendant.

Page 3 - ORDER

Bayview contends that, because it does not hold the Note, is not the beneficiary of the DOT, does not claim any interest in the Property, and did not begin servicing plaintiff's loan until almost one year after the allegedly wrongful actions took place, plaintiff's claims are not properly asserted against it. Accordingly, Bayview argues that this case should be dismissed with prejudice.

The Court agrees.  All of plaintiff's claims arise out of Saxon's alleged breach of the parties' oral agreement for a loan modification.  In fact, plaintiff's first five claims are asserted solely against Saxon, who is no longer a party to this dispute. Nevertheless, because Bayview was not a party to the oral contract and did not participate in its creation, the original complaint does not allege any claims arising out of or in connection to Bayview. In sum, Bayview had no involvement whatsoever in any of the actions which plaintiff alleges as the basis of his complaint. Therefore, plaintiff fails to state any viable claims against Bayview pursuant to Fed. R. Civ. P. 12(b)(6).

Moreover, plaintiff's sixth and seventh claims fail to allege a justiciable controversy.  In his sixth claim, plaintiff seeks to temporarily enjoin Bayview from foreclosing on the Property.  See Compl. ¶¶ 38-46.  In his seventh claim, plaintiff requests a declaration that "defendants have no legal right to institute or maintain a foreclosure sale on the Property, and to further permit

plaintiff to seek permanent injunctive relief forever barring defendants from seeking to foreclose on the Property." Id. at ¶ 48.

Bayview, however, "does not seek to conduct a Trustee's Sale, and does not intend to seek one in the future." Def.'s Mem. in Supp. of Mot. Dismiss 6.    Further, the Notice of Default and Election to Sell expired and therefore a foreclosure cannot recommence upon that instrument. See Or. Rev. Stat. § 86.755(2); see also Tabb v. OneWest Bank, FSB, 2011 WL 4448752, *8 (D.Or. Aug. 26, 2011).    Thus, to the extent plaintiff's sixth and seventh claims seek to prevent the non-judicial foreclosure started, but not finished, by Regional, they are moot; to the extent these claims seek to prevent a prospective non-judicial foreclosure by Bayview, they are not yet ripe. See Western Oil & Gas Ass'n v. Sonoma Cnty., 905 F.2d 1287, 1290 (9th Cir. 1990), cert. denied, 498 U.S. 1067 (1991) ("[t]he ripeness inquiry asks whether there yet is any need for the court to act" and "the mootness inquiry asks whether there is anything left for the court to do").    As such, this Court also lacks subject-matter jurisdiction over plaintiff's sixth and seventh claims.

Accordingly, Bayview's motion to dismiss is granted.    Further, plaintiff's claims are dismissed with prejudice; because Saxon, FV-1, and Regional are no longer parties to this dispute, plaintiff can prove no set of facts in support of his claims that would

entitle him to relief.  Bayview's request for attorney fees and costs, however, is denied because Bayview failed to establish its entitlement to such fees and costs in accordance with Fed. R. Civ. P. 54(d) and LR 54-3.

## CONCLUSION

Bayview's motion to dismiss (doc. 26) is GRANTED; however, Bayview's request for attorney fees and costs (doc. 26) is DENIED. This case is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this ___ day of September 2012.


_____
Ann Aiken
United States District Judge